Ernest George **MINNS**, Plaintiff,

v.

**SUPERINTENDENT, CORRECTIONAL FIELD UNIT #15**, Defendant.

Civ. A. No. 74–C–82–D.

United States District Court,
W. D. Virginia,
Danville Division.

Feb. 17, 1975.

Burnett Miller, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

Ernest George Minns brings this action under 42 U.S.C. § 1983 alleging deprivation of his constitutional rights; jurisdiction is conferred on this court pursuant to 28 U.S.C. § 1343(3) and (4). Minns is seeking declaratory relief and other appropriate relief.

Plaintiff alleges that while he was in the custody of the Chatham Correctional Unit #15, he was denied due process and equal protection of the law during disciplinary hearings in January of 1973. Specifically plaintiff alleges that the Adjustment Committee which heard charges of (a) fighting, (b) threatening bodily harm, and (c) inciting to riot and rioting was composed of "part prisoners and part correctional staff and officials." The hearing was held on or about January 26, 1973. As a result of this hearing the Adjustment Committee found plaintiff guilty of threatening bodily harm and sentenced him to fifteen (15) days in isolation but suspended this sentence on the condition that plaintiff maintain good behavior for sixty (60) days. Plaintiff prays that this court enter an order which prohibits defendants from harassing, threatening, punishing, or retaliating against plaintiff for filing this present complaint; prohibiting plaintiff from being transferred; expunge the Adjustment Committee's finding from his record and also expunge from his record any reference to the fact that plaintiff filed this present action.

Defendant has filed a motion for summary judgment attaching the affidavit of Sergeant W. J. Wilkes, a correctional officer at the Chatham Correctional Unit #15, and copies of the Adjustment Committee's Action Report. Defendant admits that two inmates acted as observers during the Adjustment Committee's

hearing on plaintiff pursuant to a temporary policy of the Correctional Unit which was being used to allow the inmate population an opportunity to become familiar with the grievance procedures at the Correctional Unit. Sergeant Wilkes in his affidavit avers that the inmates who witnessed the Adjustment Committee meetings only monitored these proceedings and did not advise the accused or influence the decision of the correctional officers who comprised the committee. Defendant further states that the inmate observers took absolutely no part in any Adjustment Committee's decision including the determination of punishment.

The Action Reports filed in the case show that plaintiff was notified in writing on January 22, 1973, of the charges that were to be heard—four days written notice. He was also notified that he could employ an attorney to represent him before the Adjustment Committee or have an inmate adviser appointed to represent him in the matter. Both opportunities plaintiff declined.

After studying the allegations, affidavits, and Action Reports, the court is satisfied that plaintiff was not denied due process nor equal protection during his Adjustment Committee hearing. The presence of the inmate monitors had no bearing on the determination of the guilt or innocence of plaintiff. It is a practice that seemingly involved prisoner-oriented benefits and was not at all detrimental to plaintiff's rights. The practice is no longer being implemented and defendant assures the court that there will not be any harassment of plaintiff.

Since no denial of due process nor denial of equal protection has been found, the court grants defendant's motion for summary judgment and Orders this complaint dismissed and stricken from the docket. Plaintiff is advised that he may appeal this judgment within thirty (30) days to the United States Court of Appeals for the Fourth Circuit.